**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | **CHAPTER 13** |
| **Ema Dan Wilburn, III,** ) | |
| ) | **CASE NO. 14-70032** |
| **Debtor.** ) | |

## MEMORANDUM OPINION

This matter is before the Court on a modified plan dated April 12, 2016 filed by the Debtor, Ema Dan Wilburn, III (the "Debtor"), and the Chapter 13 Trustee's Objection thereto. The facts in this case are not in dispute. The Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq., on January 8, 2014. After proposing several Chapter 13 plans, the Debtor filed a Third Modified Plan on May 16, 2014 and confirmation of that plan (the "Confirmed Plan") was obtained on August 14, 2014. The Debtor was an above median debtor, and the "applicable commitment period" for the Confirmed Plan was five years. *See* 11 U.S.C. § 1325(b)(4)(A)(ii). The Confirmed Plan provided, among other things, that the Debtor would pay to the Trustee the following payments: "Regular monthly payments of $700.00 per month for 60 months. Other payments to the Trustee are as follows: Any tax refunds received. The total amount to be paid into the Plan is estimated to be $42,000.00." Confirmed Plan, Docket No. 35. Paragraph 4 of the Confirmed Plan projected an estimated dividend to unsecured creditors of 15%.

On April 13, 2016, the Debtor filed a Fourth Amended Plan (the "Amended Plan") "due to an unexpected reduction in his income as financial advisor." Debtor's Brief, at P.1. The Amended Plan proposes to pay as follows: "Regular monthly payments of $700.00 per month for 29 months, then beginning in May 2016, 10 payments of $400.00 per month. Other payments to

the Trustee are as follows: Any tax refunds received." Amended Plan, Docket No. 82. Paragraph 4 of the Amended Plan proposes a dividend to unsecured creditors of 35–50%.[1] The Debtor has provided the Chapter 13 Trustee with his personal tax return and other information. After notice to all creditors, the only party objecting to the Amended Plan is the Chapter 13 Trustee. There is no objection to the Debtor's assertion his changed financial situation warrants a plan modification, or that the Amended Plan is not proposed in good faith. However, the Chapter 13 Trustee contends that in a modification to a previously confirmed plan, the Debtor cannot both reduce the applicable commitment period and reduce the amount to be paid. The Chapter 13 Trustee contends as follows: "If a debtor wants to reduce the [applicable commitment period], he must still pay what was agreed to under the original plan; if he wants to reduce the payment, he's bound to the [applicable commitment period]. He cannot, as far as § 1329(a) of the Bankruptcy Code is concerned, have it both ways." Trustee's Brief, at P. 1. The parties have fully briefed the issue, and the matter is ripe for resolution.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (L), and (O).

The question of whether 11 U.S.C. 1325(b) applies to post confirmation plan modifications has divided some courts, but this Court finds the reasoning and analysis set forth in

---

[1] The Debtor's schedules listed general unsecured debt at $77,207.00. Actual claims filed prior to the non-governmental bar date, May 21, 2014, came in substantially less.

*In re Davis*, 439 B.R. 863 (Bankr. N.D. Ill. 2010) (Wedoff, J.), which finds that Section 1325(b) is not applicable to plan modification under Section 1329(a), to be most persuasive and its thorough analysis of the issue need not be repeated here. However, the Chapter 13 Trustee's objection in the circumstances of this case is more nuanced. Here, the Chapter 13 Trustee concedes that 11 U.S.C. §1329(a)(1) provides that a plan may be modified to "increase or reduce the amount of payments on claims of a particular class . . . ." The Trustee also concedes that a plan may be modified to "extend or reduce the time for such payments . . . ." *See* 11 U.S.C. § 1329(a)(2). However, the Trustee contends that because the wording of 11 U.S.C. § 1329(a) is in the disjunctive as opposed to the conjunctive, a debtor cannot do both. The Debtor in this case proposes exactly that—to reduce both the amount of payments and the time for such payments. Specifically, the Trustee argues as follows:

> Relevant to this Case, § 1329 prescribes four categories for modification and the list is exclusive. *See e.g.; In re Sellers*, 409 B.R. 820, 824 (Bankr. N.D. Tex. 2015) (citing *In re Witkowski,* 16 F.3d 739, 745 (7th Cir. 1994)). Moreover—and more importantly—this list is guided by the disjunctive use of "or" rather than the conjunctive "and". *See e.g.*; *U.S. v. Urban,* 140 F.3d 229, 233 (3d Cir. 1998) (the word "or" is grammatically interpreted as a disjunctive term); *see also Reiter v. Sonotone Corp*., 442 U.S. 330, 99 S.Ct. 2326 (1979) (Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context indicates otherwise). Here Congress' employment of the disjunctive "or" appears to create mutually exclusive options. *See e.g.; U.S. v. Williams*, 326 F.3d 535, 541 (4th Cir. 2006) (noting in the context of a criminal statute that use of a disjunctive "or" created "mutually exclusive" conditions that rule out mixing and matching.). However, the Debtor is attempting to employ both a reduction of the term (i.e, 1329(a)(2)) and a reduction in payments (i.e., 1329(a)(1)). This is not allowed under 1329(a): The statute reads as though a debtor may do this *or* may do that (i.e., increase/reduce payments or increase/reduce term). It does not read as though a debtor may do this ***and*** may do that. For comparison reference should be made to § 1322(b), which prescribes several things a debtor may provide in a plan. Section 1322(b) is guided by the conjunctive "and" between § 1322(b)(10) and § 1322(b)(11). However, given the plain reading of § 1329(a), the Debtor cannot achieve what he currently proposes.

Trustee's Brief, at P. 5.

3

The Court believes the proper reading of the statute is not so limited, and that a debtor may propose such a modification within the bounds of good faith. Section 1329 of the Bankruptcy Code permits modification of a Chapter 13 Plan after confirmation, and that section exists for a reason—sometimes debtor's circumstances can and do change. The wording of the statute read in conjunction with the Bankruptcy Code's rules of construction code section supports the conclusion that the modification options set forth in Section 1329(a) are not mutually exclusive, and are available either separately or in combination, provided the applicable elements of Section 1329(b)(1) are met.[2]

As in all statutory interpretation cases, the Court "necessarily begins with an analysis of the language of the statute. And, in analyzing the meaning of a statute, we must first determine whether the language at issue has a plain and unambiguous meaning. If it does, we look no further but simply enforce the [statute] according to its terms." *Pliler v. Stearns*, 747 F.3d 260, 264 (4th Cir, 2014) (citing *Holland v. Big River Minerals Corp.,* 181 F.3d 597, 603 (4th Cir. 1999)). The Court believes its interpretation is consistent with the guidance set forth in 11 U.S.C. § 102, dealing with statutory construction in Title 11. Section 102(5) provides that "In this title— . . . (5) 'or' is not exclusive." 11 U.S.C. § 102(5). The statutory note to Section 102(5) provides "[p]aragraph (5) specifies that 'or' is not exclusive. Thus, if a party 'may do (a) or (b),' then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." *House Report No. 95-595, 95th Cong., 1st Sess. 316 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 28* (1978). Here, Section 1329(a) provides that "[a]t any time after confirmation of the plan but before completion of payments

---

[2] Section 1329(b)(1) of the Bankruptcy Code provides as follows: "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." 11 U.S.C. § 1329(b)(1).

under such plan, the plan may be modified, upon request of the debtor . . . to—" among other things, (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; or (2) extend or reduce the time for such payments.  11 U.S.C. § 1329(a)(1), (2). The proposed modification may do either or both.  In this case, as there is no contention or evidence that any other requirements for modification approval are unsatisfied, the Chapter 13 Trustee's objection will be overruled, and the Amended Plan will be approved.

    A separate order will issue.

    ENTER this 22nd day of August, 2016.

                                                                     _____
                                                                      UNITED STATES BANKRUPTCY JUDGE